LEE, P.J.,
concurring in part and dissenting in part:
¶ 66. While I agree with the majority that David Doyle is guilty of contempt, I dissent as I find the valuation of the marital assets was without support. I concede that the chancellor was presented with unreliable information listed on the 8.05 financial statements; thus, she lacked information from which to make a decision. However, the error regarding the value of the couple’s 2002 Infiniti automobile appears to be a clerical error which the chancellor could have easily corrected.
¶ 67. Karen Doyle was awarded $2,500, or half of the equity in the Infiniti, which was based on the erroneous entry in the financial statements that the Infiniti had a $5,000 positive value. On his 8.05 financial statement, David stated that the value of the vehicle was $23,000, and the loan amount was $28,000. He failed to indicate a negative symbol next to the difference, which was $5,000; thus, the amount was added rather than subtracted. Instead of noting this error, the chancellor decided that since David had executed the document under oath and stated that the vehicle had a positive value, she would use that erroneous value and award Karen half of that amount. I cannot agree with this. Although David mistakenly indicated a positive value of $5,000, he indicated in the *1115 same document that the value of the vehicle was less than the loan balance. The chancellor’s decision had the effect of giving the vehicle a value of $33,000. A value of $33,000 minus the loan balance of $28,000 would provide equity in the amount of $5,000. This is the only way to reach this conclusion.
¶ 68. The majority concludes that because Karen agreed she was owed $2,500, then the positive value of $5,000 must be correct. This is the equivalent of saying two wrongs make a right. I find that the chancellor’s decision, which basically added $10,000 to the value placed on the vehicle on the 8.05 financial statement, was arbitrary. The majority finds that this is not reversible error because it is possible the clerical error was in the value placed on the vehicle, rather than the failure to indicate the difference between $23,000 and $28,000 is a negative number. Instead of relying on a possibly erroneous calculation, I would remand this case for evidence of an appraisal of the vehicle from an easily obtained source, such as the National Automobile Dealer’s Association (NADA) or Kelley Blue Book.
¶ 69. Therefore, I would reverse the chancellor’s judgment on the issue of property distribution and remand this case for a determination of the correct value of the vehicle. I would affirm as to issue two.
IRVING, J., JOINS THIS OPINION.